UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS STRONG,

                Plaintiff,

   v.                                                             Case No. 19-cv-413-pp

STATE OF WISCONSIN, GOV. TONY EVERS,
WISCONSIN STATE PUBLIC DEFENDERS' OFFICE,
and KELLI S. THOMPSON,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1) AND DISMISSING THE CASE**

      Plaintiff Dennis Strong, representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when the appellate attorney appointed by the Wisconsin State Public Defenders' office declined to obtain the recordings of phone calls that were allegedly relevant to the plaintiff's state criminal proceeding. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepayment of the filing fee and screens the complaint.

I.    <u>Motion to Proceed without Prepayment of the Filing Fee</u>

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the

1

plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 4, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $0.52 by April 25, 2019. Dkt. No. 6. The court received $1.00 from the plaintiff on April 15, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

II. Screening the Complaint

Federal law requires that the court screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint (or part of it) if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

2

To proceed under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.   *Allegations in the Complaint*

The plaintiff alleges that he faced criminal charges in Outagamie County based on a complaint filed on March 22, 2017 (Case No. 17-CM-282). Dkt. No. 1 at ¶2. He had a two-day jury trial starting December 12, 2017. Id. at ¶3. The plaintiff states that shortly before the trial started, and continuing throughout the trial, he believed that someone was tampering with witnesses and intimating both them and him. Id. at ¶6. Specifically, he alleges that he had three phone calls with Gary D. Engel in the middle of December 2017 that were recorded by the Outagamie County Jail. Id.; Dkt. No. 1-1 at 7-9.[1] The plaintiff

---

[1] The court takes this information from a document entitled "Affidavit—Statement of Facts—In Support of Petition For Relief" which was included as an exhibit to the complaint and referenced in the complaint. Dkt. No. 1-1 at 5-18. Courts should liberally construe *pro se* filings and afford *pro se* plaintiffs leniency in procedural matters, which includes consideration of materials appended to complaints. See Otis v. Demarasse, 886 F.3d 639, 644-645 (7th Cir. 2018) (finding supplemental materials implicitly incorporated in the first amended complaint by reference and screening the complaint based on both

3

says that during those calls, he learned that witnesses for the defense were not going to attend the trial even though they were subpoenaed. He says that he learned that another individual told a fellow inmate named "Bird" to intimidate the plaintiff. Id. The plaintiff indicates that he informed the judge in his criminal trial that he believed witnesses were being tampered with and that he was being intimidated. Dkt. No. 1-1 at 11.

According to the plaintiff, despite alerting the judge to these issues, a judgment of conviction was entered against him on March 15, 2018. Dkt. No. 1 at ¶9. The plaintiff then filed notice of intent to pursue post-conviction relief, and the Wisconsin State Public Defenders' Office appointed him an appellate attorney, Timothy O'Connell. Id. at ¶10.

The plaintiff says he told O'Connell about the recorded calls, and O'Connell told him in a letter that the Wisconsin State Public Defenders' Office would not pay for him to acquire the recordings. Id. at ¶12; Dkt. 1-1 at 1. That meant the plaintiff couldn't use the recordings in his appeal. Id. The plaintiff says that he independently submitted an open records request to the Outagamie County Sheriff's office regarding the recordings and alleges that the cost of obtaining the recordings would be $0.78. Dkt. No. 1 at ¶¶14-15, 17; Dkt. No. 1-1 at 2.

The plaintiff filed this federal case, asking for declaratory and injunctive relief against the State of Wisconsin, Governor Tony Evers, the Wisconsin State

---

the first amended complaint and supplemental materials). The court will consider the plaintiff's exhibit.

4

Public Defenders' Office and its director, Kelli S. Thompson. Dkt. No. 1 at ¶¶21-23. He states that these parties are the appropriate parties to sue because they are responsible for promulgating Chapter 977 of the Wisconsin State Statutes (the State Public Defender statute) and controlling the budgets related to the Wisconsin State Public Defenders' Office. Id. The plaintiff wants this court to stay any state appellate proceedings while it determines whether it should enter a declaratory judgment finding that in refusing to pay the $0.78 for the recorded calls, the defendants violate the plaintiff's constitutional right to meaningful representation. Dkt. No. 1 at 12-13.

B. *Analysis*

The plaintiff's appeal is pending. State v. Dennis C. Strong, Jr., Appeal No. 2018XX001190-CR (available at https://wscca.wicourts.gov/appeal). The court has extended the deadline for him to file his postconviction motion or notice of appeal to June 4, 2019. Id.

The plaintiff claims that the defendants violated his right to meaningful representation when they refused to pay the cost to obtain evidence that would be useful in his state appeal—specifically the recorded calls regarding witness tampering and intimidation. The plaintiff does not ask for monetary damages. Instead, he wants this court to step in and halt the state appellate proceedings and then make a declaratory judgment that the defendants' refusal to pay the cost to obtain evidence violates his constitutional rights.

5

In 1971, the Supreme Court held in Younger v. Harris, 401 U.S. 37, 45 (1971), that "when federal courts are asked to enjoin pending proceedings in state courts," they should "not issue such injunctions." This doctrine—that federal courts should not enjoin ongoing state criminal proceedings—has come to be known as the Younger abstention doctrine. Younger "requires federal courts to refrain from exercising their jurisdiction when relief may interfere with certain state proceedings." Ewell v. Toney, 853 F.2d 911, 916 (7th Cir. 2017). The types of state proceedings that qualify include state appellate proceedings. Id. (citing Simpson v. Rowan, 73 F.3d 124, 138 (7th Cir. 1995)). A federal court should abstain under Younger where the relief requested in the federal case—whether it be granting an injunction, making a declaratory judgment, or awarding monetary damages—would undermine the state appellate court's consideration of the criminal case. Simpson, 73 F.3d at 138.

The court can't enjoin the state appellate court. Federal courts and state courts are different sovereigns; neither one is superior to the other. And even if this court could enjoin the state appellate court, if this court were to grant the plaintiff the relief he requests, that relief would undermine the state appeals court's consideration of the plaintiff's case. The state appeals court has not yet had a chance to consider the merits of the plaintiff's appeal. Until it can, the plaintiff does not know whether this evidence is, in fact, necessary to win his appeal. So, if this court were to step in and declare that the plaintiff's appellate counsel, by not acquiring that evidence, failed in his constitutional duty to meaningfully represent the plaintiff, this court would be ruling on the

6

substance of a state appeals case that the state appeals court has not yet had a chance to consider. This is just the kind of interference that the <u>Younger</u> abstention doctrine is designed to prevent. <u>See</u> <u>Samuels v. Mackell</u>, 401 U.S. 66, 72-73 (1971) (holding that federal courts should abstain under <u>Younger</u> from making declaratory judgments that would have the effect of preventing a state court from deciding a matter for itself).

The court must dismiss the plaintiff's case. Once the plaintiff's state court litigation is complete, he can file a new case in federal court if he still feels that his rights were violated.

III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE.**

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the **$349.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 21st day of May, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**